UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| STEVEN W., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SOCIAL SECURITY ADMINISTRATION )<br>COMMISSIONER, )<br>)<br>Defendant. ) | Case no. 2:19-cv-00312-LEW |

### MEMORANDUM OF DECISION AND ORDER

Plaintiff Steven W. filed suit to obtain judicial review of the Social Security Administration Commissioner's final administrative decision, where the Commissioner found Plaintiff not disabled and denied his claim for benefits under Title XVI of the Social Security Act. Following a review conducted pursuant to 42 U.S.C. § 405(g), for reasons set forth below, the final administrative decision is AFFIRMED.

### The Challenged Findings

In 2011, Plaintiff experienced a vascular insult to the brain that resulted in, *inter alia*, severe, periodic, recurring migraine headaches. R. 24. Plaintiff filed for supplemental security income on November 13, 2016. The relevant period under review, therefore, is between November 13, 2016, and the date on which the administrative law judge (ALJ) issued her opinion, July 18, 2018.

The ALJ found Plaintiff not disabled because he has a residual functional capacity (RFC) to perform medium-exertion work subject to limited postural and environmental restrictions that do not preclude all substantial gainful activity, including in representative

occupations like team assembler, bagger, store laborer, or hospital cleaner. Plaintiff contends the ALJ failed to find appropriate restrictions in Plaintiff's work capacity secondary to Plaintiff's migraine impairment, which the ALJ recognized as severe. Plaintiff argues the ALJ erred when she failed to credit the opinion of his long term care provider, Stephen Hayes, M.D., that Headache Syndrome secondary to a "history of stroke" produces disabling, "pounding and strong" headaches approximately three times per week, triggered by lack of sleep and stress, and exacerbated by bright lights and noise (R. 864-69); and, when she expressed the associated limitations ("unable to work with flashing or strobing lights, or with spot lights such as those found on construction sites [or] in loud or very loud work environments") differently than did consultative expert Edward Ringel, M.D. ("avoid bright light, noise so as not to trigger migraines."). R. 118.

## DISCUSSION

Plaintiff's primary argument on appeal is that the ALJ failed to account for the frequency and duration of his headaches when making the RFC assessment that he was capable of doing a range of "medium work." This factual finding "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations omitted). Therefore, once an ALJ finds facts, a reviewing court "can reject those facts only if a reasonable factfinder *would have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012

2

(emphasis original) (internal quotation marks omitted).  Plaintiff believes the ALJ erred by giving "little weight" to the opinion of his treating physician, Dr. Hayes, by disregarding his own testimony about the severity of his headaches, and instead relying on State agency medical consultants, particularly Edward Ringel, M.D.  Because I find substantial evidence supported the ALJ's evidentiary findings, I affirm.

The Plaintiff points to two of Dr. Hayes' opinions in particular, which he believes the ALJ should have given more weight.  First, in April of 2017, Dr. Hayes authored a progress note addressing Plaintiff's application for social security benefits.  In this particular report, Dr. Hayes reported continuation of headaches "on a fairly regular basis," but also included for the first time Plaintiff's new report of "headaches on a daily basis."  R. 620-21.  According to Dr. Hayes, Plaintiff "is able to generally control [headaches] with limiting activity and utilization of medication regimen as described."  R. 639.  And second, in an April 8, 2017 to-whom-it-may-concern letter, Dr. Hayes endorsed Plaintiff's report that headaches "impact … daily function."  R. 646.

On the other side of the ledger, there was also evidence before the ALJ that Plaintiff's headaches were not as debilitating.  For one thing, the ALJ noted that Dr. Hayes' 2017 progress note did not entirely match up with previous medical documentation.  The ALJ cited a June 2016 visit, where Dr. Hayes noted that while the Plaintiff "continue[d] to be bothered by headache," he tolerated his medication without difficulty and was "doing well overall."  R. 598-99.  In September of that year, Dr. Hayes noted that Plaintiff's "headache continue[d] . . . unchanged" and made no change in medication.  R. 607.  Again, Dr. Hayes stated that Plaintiff was "doing well overall."  R. 608.  At a November 2016

3

visit, Dr. Hayes made no mention of headaches. R. 608-11. The ALJ considered these reports of Plaintiff "doing well overall," and Dr. Hayes' failure to consistently document the headache syndrome when deciding to afford Dr. Hayes' 2017 and 2018 opinions "little weight." R. 26.

Other record evidence also suggested that Plaintiff's headaches were less severe than Dr. Hayes' 2017 diagnoses. At a visit to MRMS in December 2016, Plaintiff reported having high blood pressure, wanting to eat better, and experiencing depression, but made no mention of headaches. R. 656-57, 659, 702. In a February 2017 appointment, Plaintiff denied headaches at a mental health evaluation. R. 613. At a visit to MRMS in March 2017, Plaintiff reported high blood pressure and depression but did not report headaches. R. 660-61, 663. The next month, he reported a history of neuropathy and stroke, for which he took Gabapentin, and hypertension, and reported no concerns. R. 738. In June 2017, Plaintiff made the same reports and added that he was stable on his current medication. R. 756. Later that month, he reported high blood pressure and depression but did not report headaches. R. 665, 667. In July 2017, Plaintiff denied headaches at his annual exam with nurse practitioner Mikayla Chase. R. 793. In October 2017, Plaintiff saw Dr. Hayes for follow up for anxiety, substance use disorder, hypertension, and hyperlipidemia, reported that he was busy helping his mother and her husband build barns, and again made no mention of headaches. R. 846-47. The lack of evidence of daily or debilitating headaches from these 2016-17 appointments further supports the ALJ's decision to give Dr. Hayes' opinions little weight.

Upon reviewing the administrative record, I find there was substantial evidence to support the ALJ's opinion. Initially, the ALJ noted that Plaintiff's treatment during the relevant period consisted only of Gabapentin and over-the-counter pain relievers, and he had not sought or required more aggressive treatment—both indicia that Plaintiff's condition was under control. The ALJ also cited portions of the record that contradicted Plaintiff's testimony that his headaches had worsened over the past few years and were "horrifically bad." R. 25. Specifically, the ALJ noted a report in January 2016 that Plaintiff had "intermittent" headaches consistent with his experience over the years, (Tr. 597), and other notes that year that he was doing well, (R. 599, 608; see also R. 710, 718, 738, 756, 765 (noting no concerns in 2017)). R. 25. Finally, the ALJ noted that Plaintiff's daily activities while he claimed to be disabled by headaches included attending to his personal care, driving, using public transportation, watching television, walking, and helping his mother with a construction project. R. 25-26; see R. 40, 51, 217, 219, 847. The evidence of these daily activities, and the inconsistent accounts of the headaches' severity all buttress the ALJ's decision to give Plaintiff's and Dr. Hayes' testimony little weight, and support the ultimate RFC assessment that he was able to perform medium work. For these reasons, I affirm.[1]

---

[1] After the parties submitted briefs in this case the First Circuit released an opinion that discussed how much evidence an ALJ must have to discredit testimony from a claimant and treating physician in order to find that the claimant suffering from migraines is not disabled. *Sacilowski v. Saul*, No. 19-1712, 2020 WL 2508018, at *7 (1st Cir. May 15, 2020). In *Sacilowski* there was "overwhelming" evidence to support a finding of disability, and "no 'contrary evidence' to directly rebut the multiple pieces of evidence that comprise the substantial and 'overwhelming' evidence of disability." *Id.* (internal citations omitted). As described *infra*, the ALJ in this case pointed to substantial evidence during the relevant time period to support her conclusion that Plaintiff's headaches were less debilitating than reflected in Dr. Hayes' and Plaintiff's testimony. Although it is not the only possible conclusion, because the ALJ's RFC

5

Plaintiff also argues the follow-on vocational testimony was infected with this incorrect RFC assessment, and therefore cannot support the finding that he is "not disabled," and not deserving of Social Security benefits. Because the Plaintiff cannot show the ALJ lacked substantial factual basis for her RFC finding, but only that she did not adopt his alternate explanation, I refuse to remand on this basis as well.

## CONCLUSION

For these reasons, the final administrative decision is AFFIRMED.

**SO ORDERED.**

Dated this 22nd day of May, 2020.

                                                  /s/ Lance E. Walker  
                                                UNITED STATES DISTRICT JUDGE

---

assessment is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Biestek* 139 S.Ct. at 1154, I affirm even in light of *Sacilowski*.